UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RANDY DENNING,<br><br>   Plaintiff,<br>   v.<br><br>BOND PHARMACY, INC. d/b/a ADVANCED INFUSION CARE, ADVANCED INFUSION SOLUTIONS, and AIS HEALTHCARE<br><br>   Defendant. | CIVIL ACTION NO. 21-774<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Bond Pharmacy, Inc., d/b/a Advanced Infusion Care, Advanced Infusion Solutions, and AIS Healthcare ("AIS") submits this Notice of Removal to remove the following lawsuit filed in the Twenty First Judicial District, Parish of Tangipahoa, Louisiana, to the United States District Court for the Eastern District of Louisiana. Removal is proper for the following reasons.

**BACKGROUND**

1.  On March 11, 2021, Plaintiff Randy Denning filed a petition for damages and class action against AIS, captioned *Randy Denning v. Bond Pharmacy, Inc., d/b/a Advanced Infusion Care, Advanced Infusion Solutions, and AIS Healthcare*, Case No. 2021–0000685.

2.  The petition is attached as Exhibit ("Ex.") A. The summons and affidavit of service are attached as Exs. B and C, respectively. The state court's docket is attached as Ex. D.

3.  AIS was served through its registered agent on March 18, 2021. Ex. B.

4.      In the petition, Plaintiff alleges her physician prescribed her an intrathecal pump in October 2019 and "retained" AIS to provide medications and equipment for her pump. Petition ("Pet.") ¶ 5.

5.      Plaintiff alleges she executed a patient consent form and acknowledgment form to receive medications and equipment from AIS. *Id.* ¶¶ 8–10. By executing these forms, she allegedly contracted with AIS for it to provide medications and equipment for her intrathecal pump while her physician remained responsible for administering her medication and providing related patient services. *Id*. ¶¶ 8–9. Plaintiff also alleges she agreed to pay for any medications and equipment provided by AIS for which her insurer did not cover. *Id.*

6.      After years of receiving medication and equipment from AIS, Plaintiff alleges she learned that AIS billed her and her insurer for administering her medication and providing patient services. *Id.* ¶¶ 11–12. She alleges AIS neither administered her medication nor was authorized to do so based on the forms she signed but billed her and her insurer $120 "per diem," or daily, for administering her medication and providing patient services under one of four Health Care Common Procedure ("HCPCS") codes. *Id.* Plaintiff also alleges AIS billed her and her insurer under multiple HCPCS codes for services AIS did not provide. *Id.*

7.      Plaintiff alleges AIS improperly and fraudulently billed her and her insurer for "thousands of dollars for claims" since 2019. *Id.* ¶¶ 8, 10–11 & 22. Plaintiff asserts claims for breach of contract, unjust enrichment, and fraud/intentional misrepresentation. *Id.* ¶¶ 23–25. She seeks compensatory damages, punitive damages, and "all" consequential damages, as well as her attorney's fees and costs. *Id.* ¶ 26.

8.  Plaintiff also brings her claims as a class action on behalf of "hundreds of Louisiana patients" who were billed for services allegedly not performed by AIS over the last "ten year period." *Id.* ¶¶ 27–33; *see* La. Code Art. 591.

## BASIS FOR REMOVAL (DIVERSITY)

9.  Removal of the petition under 28 U.S.C. §§ 1332(a)(1) and 1441(b) is proper based on this Court's diversity jurisdiction because the named parties are citizens of different States and the amount in controversy exceeds $75,000.

10. ***Citizenship.*** Complete diversity requires "that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). An individual's citizenship is her place of domicile, meaning where the individual resides and has "an intention to remain." *Preson v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007). A corporation is "deemed to be a citizen of every State" where it is incorporated and where it "has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Plaintiff alleges in her petition she is a "resident and domiciliary of" Louisiana, and therefore, is a citizen of Louisiana. Pet. ¶ 1; *see Preson*, 485 F.3d at 797–98; *Galveston Cnty. Drainage v. Foster*, 284 F. 932, 935 (5th Cir. 1922); *Girod LoanCo, LLC v. Heisler*, 2019 WL 2385808, at *3 (E.D. La. June 5, 2019).

12. AIS is a citizen of Mississippi for diversity jurisdiction purposes because it is incorporated in Mississippi and has its principal place of business there. *See* 28 U.S.C. § 1332(c)(1); Pet. ¶ 2.[1]

---

[1] Plaintiff incorrectly alleges AIS has its principal place of business in Texas. Pet. ¶ 2. But even if her allegations of citizenship are accepted as true, the parties are completely diverse. *See* 28 U.S.C. § 1332(c)(1); *Galveston Cnty. Drainage*, 284 F. at 935.

3

13. Because AIS is not a citizen of the same state as Plaintiff, complete diversity exists under 28 U.S.C. § 1332(a)(1). *See Harvey*, 542 F.3d at 1079.

14. ***Amount In Controversy.*** The amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332(a). Although the petition does not allege a specific amount in controversy, AIS may remove the petition if the notice of removal includes only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In considering the amount in controversy, the Court must consider the amount at stake in the underlying litigation, including compensatory damages, punitive damages, consequential damages, and attorney's fees and costs. *See Foret v. Southern Farm Bureau Life Ins.*, 918 F.2d 534, 537–38 (5th Cir. 1990); *Wood v. Citronelle–Mobile Gathering Sys. Co.*, 409 F.2d 367, 369 (5th Cir. 1968); *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319–20 (5th Cir. 2012); *see also* La. Code Civ. P. Art. 595(A).

15. While AIS disputes Plaintiff's claims and requested relief, Plaintiff has put more than $75,000 in controversy with her claims. Plaintiff asserts claims against AIS for breach of contract, unjust enrichment, and fraud/intentional misrepresentation. Pet. ¶¶ 23–25. Plaintiff alleges AIS billed her and her insurer for years for services it allegedly never provided or was not authorized to provide at a daily rate of $120. *Id.* ¶¶ 11–12 & 22. At a minimum, Plaintiff and her insurer would have been billed approximately $63,240 for claims from October 2019 to the filing of the petition. Moreover, Plaintiff alleges AIS also billed her under multiple HCPCS codes, which are each billed at separate rates and may be billed together on the same date. *Id.* ¶ 12. At the same $120 daily rate, AIS would only have to bill one additional HCPCS code 100 times to bill claims worth $12,000. *Id.* ¶ 11. Thus, the total amount at stake exceeds the jurisdictional minimum.

16. Plaintiff further alleges additional damages that demonstrate the amount at stake in this litigation exceeds $75,000. Plaintiff seeks punitive damages and consequential damages, which is further grounds "to confer removal jurisdiction" given the "substantial[ ]" recovery available under those types of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see Bourg v. Fireman's Fund Ins.*, 1999 WL 335636, at *1–2 (E.D. La. May 24, 1999); *Taylor v. Murphy*, 2000 WL 1023421, at *2 (E.D. La. July 24, 2000). Petitioner also seeks attorney's fees and costs as authorized under Louisiana law, should it prevail on its claims. *See Foret*, 918 F.2d at 537–38; *Wood*, 409 F.2d at 369; *Celestine*, 467 F. App'x at 319–20; *see also* La. Code Civ. P. Art. 595(A). Accordingly, the amount in controversy far exceeds the jurisdictional minimum. *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554 (2014).

17. Because there is complete diversity of parties, and the amount in controversy exceeds $75,000, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b).

## BASIS FOR REMOVAL (CLASS ACTION FAIRNESS ACT)

18. Removal of the petition is also proper under the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). Congress enacted CAFA "to encourage federal jurisdiction over interstate class action lawsuits." *Preson*, 485 F.3d at 797. A defendant may remove under CAFA where the proposed class exceeds 100 persons, at least one plaintiff and one defendant are diverse, and the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2)(A)–(d)(5)(B); *Preson*, 485 F.3d at 797.

19. ***Class Size.*** CAFA's 100-class member threshold is satisfied on the face of the petition. *See* 28 U.S.C. § 1332(d)(5)(B). The petition alleges the proposed class consists of "hundreds of Louisiana patients," and as such, satisfies CAFA's numerosity requirement. Pet. ¶ 28; *see* 28 U.S.C. § 1332(d)(5)(B).

5

20.     *Citizenship.*  The parties are also sufficiently diverse under CAFA.  *See* 28 U.S.C. § 1332(d)(2).  As stated above, Plaintiff is a citizen of Louisiana and AIS is a citizen of Mississippi for diversity jurisdiction purposes.  Pet. ¶¶ 1–2; *see* 28 U.S.C. § 1332(c)(1).  The Petition further defines and limits the proposed class to hundreds of "*Louisiana* patients."  Pet. ¶ 28 (emphasis added).  The parties are therefore diverse for purposes of CAFA.  *See* 28 U.S.C. § 1332(d)(2)(A).

21.     ***Amount In Controversy.***   Finally, the amount in controversy also far exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d)(2).  In determining the amount in controversy, CAFA requires that the "claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).  A defendant need only show that the plaintiff's claims are "more likely than not" to exceed CAFA's amount in controversy based on "common-sense inferences."  *Badeaux v. Goodell*, 358 F. Supp. 3d 562, 571–72 (E.D. La. 2019); *Rowell v. Shell Chemical LP*, 2015 WL 3505118, at *2–3 (E.D. La. 2015).

22.     Plaintiff alleges the proposed class consists of "hundreds" of patients that have allegedly been billed by AIS over a ten year period.  Pet. ¶ 28.  If AIS billed patients or their insurers at the daily rate of $120 for ten years, the amount in controversy would easily exceed approximately $400,000 per proposed class member.  At even just 100 class members, the amount at stake would exceed $40 million.

23.     Plaintiff also seeks punitive damages, consequential damages, and attorney's fees and costs, all of which "must" be considered in calculating the amount in controversy under CAFA.  *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 876–77 (5th Cir. 2002); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1337 (5th Cir. 1995); *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *Hellmers v. Countrywide Home Loans, Inc.*, 2008 WL 191306, at *1–2 (E.D. La. Jan. 22, 2008); *Butler v. Denka Performance Elastomer, LLC*, 2019 WL 92659, at *4–5 (E.D. La. Jan.

3, 2019); *see Wooley v. Kluckssinger*, 61 So.3d 507 (La. 2011); La. Code Art. 595(A); Pet. ¶¶ 23–26. An award of punitive damages, consequential damages, and attorney's fees and costs here would be "substantial" based on the proposed class size, amount at stake, and allegations of bad faith in the petition. *Gebbia*, 223 F.3d at 883. It is thus more than "reasonable [to] infer" that the amount in controversy is satisfied. *Gaudet v. Am. Home Shield Corp.*, 2012 WL 601884, at *2–3 (E.D. La. 2012); *see Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006).

24. Because the class exceeds 100 members, the parties are sufficiently diverse, and the amount in controversy exceeds $5,000,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).

## THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

25. ***Removal Is Timely.*** AIS has filed this Notice of Removal under 28 U.S.C. § 1446 within one year of the commencement of the action and within 30 days of service of the summons and petition. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–55 (1999).

26. ***Venue Is Proper.*** Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), because Plaintiff originally filed this action in the Twenty First Judicial District, Parish of Tangipahoa, Louisiana, and certain of the alleged events giving rise to Plaintiff's claims occurred in this District. *See* 28 U.S.C. § 98(a).

27. ***Consent.*** AIS is the only defendant named in this action and consents to removal.

28. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A:** | **Petition for Damages and Class Action** |
| **Exhibit B:** | **State Court Issued Summons** |
| **Exhibit C:** | **Affidavit of Service on AIS** |
| **Exhibit D:** | **State Court Action Docket Sheet** |
| **Exhibit E:** | **Civil Cover Sheet** |

New Orleans, Louisiana, this 16th day of April, 2021.

      Respectfully submitted,

      **PHELPS DUNBAR LLP**

By:   */s/ David L. Patrón*
      David L. Patrón (Bar #22566)
      R. Harrison Golden (Bar #38468)
      Harrison M. Martin (Bar #39271)
      365 Canal Street, Suite 2000
      New Orleans, LA 70130
      Telephone: (504) 584-9295
      david.patron@phelps.com
      harris.golden@phelps.com
      harrison.martin@phelps.com

      AND

      Paul Werner (*pro hac vice* to be filed)
      Imad Matini (*pro hac vice* to be filed)
      Charles Spencer-Davis (*pro hac vice* to be filed)
      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      2099 Pennsylvania Ave., Suite 100
      Washington, D.C. 20006
      Telephone: (202) 747–1931
      Facsimile: (202) 747–3817
      pwerner@sheppardmullin.com
      imatini@sheppardmullin.com
      cspencerdavis@sheppardmullin.com

      **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 16th day of April, 2021, served a copy of the foregoing pleading upon counsel for Plaintiff at the address below via e-mail and/or U.S. Mail, postage prepaid and properly addressed:

>Timothy R. Richardson
>Richardson Law Group
>422 E. Lockwood Street, 2nd Floor
>Covington, LA 70433
>tim@rlgroup-law.com
>
>Sidney D. Torres, III
>Roberta L. Burns
>Beau F. Camel
>Law Offices of Sidney D. Torres, III, APLC
>8301 W. Judge Perez Dr., Suite 303
>Chalmette, LA 70043
>storres@torres-law.com
>rburns@torres-law.com
>bcamel@torres-law.com

*/s/ David L. Patrón*