## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDY DENNING, ET AL.,** <br> Plaintiffs | NO. 21-00774 |
| **VERSUS** | JUDGE MILAZZO |
| | MAGISTRATE JUDGE DOUGLAS |
| **BOND PHARMACY, INC., d/b/a** <br> **ADVANCED INFUSION CARE,** <br> **ADVANCED INFUSION SOLUTIONS, and** <br> **AS HEALTHCARE,** <br> Defendant | SECTION: "H" <br><br> Complaint-Class Action |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDING COMPLAINT

**MAY IT PLEASE THE COURT:**

Plaintiff, Randy Denning, respectfully represents that she should be allowed leave to file the attached **FIRST AMENDING COMPLAINT** for reasons set forth below.

Plaintiff filed her original complaint in state court on March 11, 2021. Defendant, post-removal to this court, served a motion under Federal Rule of Civil Procedure 12(b) on April 23, 2021. Plaintiff now seeks leave to amend her complaint because more than 21 days have passed since defendant served its Rule 12(b) motion and defendant will not consent to the amendment.

Plaintiff and her counsel have, since the original complaint's filing, discovered additional plaintiffs and putative class members who also were required to sign the same form agreements with defendant AIS and have been billed for services neither authorized, approved nor provided by it.

Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. Foman v. Davis, 371 U.S. 178, 182 (1962); U.S. ex rel. Hebert v. Dizney, 295 F. App'x 717, 724 (5th Cir. 2008).

1

In determining whether to allow a party to amend its complaint, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has listed several factors for a court to consider when it analyzes a party's motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The plaintiff has not been dilatory in requesting the amendment. Plaintiff's counsel has only recently met with additional plaintiffs and putative class members who have sustained the same damages as a result of the same conduct by defendant as described in her original complaint. Plaintiff has diligently moved to amend as soon as these facts became apparent.

The Court should allow the filing of plaintiff's amended pleading because defendant will not be prejudiced by any delay that plaintiff's amended pleading may cause. Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 391 (5th Cir. 1985). As stated, the claims of the additional proposed plaintiffs were just discovered and their allegations further illustrate how defendant's billing scheme has caused plaintiffs actual damage. In addition, The Court should allow the filing of the amended pleading because the court will not be substantially burdened by any delay that Plaintiff's amended pleading may cause. See Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 427 (5th Cir. 2004). Permitting the filing of the amending complaint will not delay these proceedings, as there is currently no scheduling order and the litigation is in its infancy.

Further, the court should allow the filing of plaintiff's amended pleading because Plaintiff is not guilty of bad faith, nor is the amendment futile. See Foman, 371 U.S. 178, 182 (1962). The

amending complaint in fact addresses issues related to the nature of the defendant's billing scheme and the damage it has caused plaintiffs most recently raised by the court in connection with the argument of the defendant's pending motion to dismiss.

**WHEREFORE,** plaintiff prays that this Honorable Court grant plaintiff's motion for leave to file the attached, proposed **FIRST AMENDING COMPLAINT**.

Respectfully submitted,

<u>s/ Roberta L. Burns</u>
SIDNEY D. TORRES, III, Bar No. 12869
ROBERTA L. BURNS, Bar No. 14945
BEAU F. CAMEL, Bar No. 30231
Law Offices of Sidney D. Torres, III, APLC
8301 W. Judge Perez Dr., Suite 303
Chalmette, LA 70043
Ph: (504) 271-8422
Fax: (504) 271-1961
Email: storres@torres-law.com
Email: rburns@torres-law.com
Email: bcamel@torres-law.com


TIMOTHY R. RICHARDSON, Bar No. 27625
Richardson Law Group
422 E. Lockwood Street, 2nd Floor
Covington, LA 70433
Ph: (985) 898-0483
Email: tim@rlgroup-law.com
**Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/ Roberta L. Burns
ROBERTA L. BURNS
